UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

———————————————————

Yi Li,

Plaintiff,

v.

THE SIEGEL GROUP, INC., a Nevada corporation doing business as SIEGEL SUITES,

Defendant.

———————————————————

Case No.:

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

(Jury Trial Demanded)

(Pro Se Plaintiff)

# 1. JURISDICTION AND VENUE

1. This Court has jurisdiction pursuant to 28 U.S.C. § 1331 as this action arises under the Fair Housing Act, 42 U.S.C. §§ 3601–3619.

2. Supplemental jurisdiction over Plaintiff's state law claims is proper under 28 U.S.C. § 1367.

3. Venue is proper under 28 U.S.C. § 1391(b) because the events giving rise to this action occurred in Clark County, Nevada, and Defendant resides in this District.

## 2. PARTIES

4. Plaintiff Yi Li is an individual who resided at Siegel Suites in Clark County, Nevada, from October 24, 2023 through the present.

5. Defendant The Siegel Group, Inc. is a Nevada corporation headquartered in Paradise, Nevada, and owner/operator of the property located at 5230 E. Craig Rd. #420, Sunrise Manor, NV.

## 3. FACTUAL ALLEGATIONS

6. Plaintiff moved into the property on October 24, 2023.

7. The rental agreement included a mandatory internet service fee of approximately $11.15 per week, bundled into the rent.

8. From the first week of occupancy, the internet service was essentially unusable and non-functional—slow speeds and frequent outages made basic online tasks impossible.

9. Plaintiff was forced to secure alternative internet service out-of-pocket beginning November 28, 2023, incurring expenses totaling approximately $2,594.42 (and still accruing).

10. Defendant continued to charge for the internet service as part of rent throughout the tenancy despite knowledge of the deficient and unusable service. This included approximately $11.15 per week, totaling over $992.35 over 89 weeks and still accruing.

11. The property also suffered from excessive noise disturbances starting November 2023 through September 2024, severely impairing Plaintiff's right to quiet enjoyment. Defendant had or should have had full knowledge of the ongoing nature of noise disturbances beginning January 2024. Many complaints went ignored, including those reporting violent incidents documented by 911 calls. After a brief reduction, similar disturbances

and chilling conduct by management resumed beginning June 2025.

12. Despite multiple complaints (about 90% of likely over 60-70 complaints or so between Nov. 2023 and Sep. 2024) submitted through Defendant's online portal, Defendant failed to respond or take remedial action until mid-September 2024.

13. The online portal was frequently non-functional, and management ignored emails and direct complaints while also making inappropriate comments when Plaintiff asserted rights.

14. Defendant's persistent failure to address the internet service deficiencies and noise disturbances has caused Plaintiff emotional distress and financial loss.

15. Plaintiff sent multiple notices, including a formal habitability and quiet enjoyment notice dated June 18, 2025, which were ignored.

16. In July 2025, Plaintiff submitted a written request for a reasonable accommodation under the Fair Housing Act (FHA), referencing rights under 42 U.S.C. §§3604 and 3617 and NRS Chapter 118, specifically citing racial discrimination and a temporary disability connected to an employment-related trauma.

17. Plaintiff requested either a temporary rent deferral or reduction while new employment was secured or while public benefits—delayed due to race-based discrimination and retaliation—were disbursed.

18. Defendant denied this request in writing, falsely claiming that FHA protections only apply to disability, and dismissing the racial discrimination basis altogether.

19. Defendant's conduct in denying the request was retaliatory, willfully discriminatory, and interfered with Plaintiff's exercise of rights under the FHA and Nevada law.

3

# 4. CLAIMS FOR RELIEF

## Count One: Breach of Quiet Enjoyment (Nevada State Law)

20. Defendant breached Plaintiff's right to quiet enjoyment under Nevada law by failing to remedy severe noise disturbances from November 2023 to September 2024, and again from June 2025 to present.

21. Defendant failed to respond to over 90% of noise complaints.

22. Plaintiff suffered inconvenience and significant emotional distress, justifying rent abatement of 50% during affected periods.

## Count Two: Breach of Contract – Internet Service (Nevada State Law)

23. Defendant breached the rental agreement by failing to provide functional internet service.

24. Plaintiff incurred approximately $2,594.42 in out-of-pocket internet expenses, plus $992.35 paid to Defendant for non-functional service (both amounts are still accruing).

## Count Three: Breach of Warranty of Habitability – NRS 118A.290

25. Internet is an essential service.

26. Defendant's failure to provide functional internet constitutes a breach of the warranty of habitability.

## Count Four: Deceptive Trade Practices – NRS 598

27. Defendant knowingly charged for services not delivered, constituting deceptive trade practices.

28. Defendant's pattern of misconduct supports this claim.

## Count Five: Unjust Enrichment

29. Defendant was unjustly enriched by collecting internet service fees without providing service.

30. Plaintiff seeks restitution of approximately $992.35 and still accruing.

## Count Six: Negligence

31. Defendant owed Plaintiff a duty to maintain habitable premises.

32. Defendant negligently failed to do so, causing damages.

## Count Seven: Constructive Eviction (Partial)

33. Defendant's actions led to Plaintiff's constructive eviction from full use and enjoyment of the premises.

34. Plaintiff seeks damages including rent abatement.

## Count Eight: Violation of Fair Housing Act – 42 U.S.C. §§ 3604, 3617

35. Plaintiff made a written request for a reasonable accommodation in July 2025, invoking rights under the Fair Housing Act and NRS Chapter 118.

36. The request cited racial discrimination, temporary disability, and financial hardship caused by constructive discharge.

37. Defendant denied the request, falsely stating that FHA protections apply only to disability and ignoring the racial basis.

38. This constituted unlawful interference, coercion, and retaliation under 42 U.S.C. § 3617 and a violation of NRS 118.111.

39. Plaintiff suffered emotional distress, fear of retaliatory eviction, and financial hardship.

## Count Nine: Intentional Infliction of Emotional Distress

40. Defendant's conduct described herein — including but not limited to: ignoring most if not all of approximately over 60-70 formal and informal complaints (mostly through an online portal), failing to provide basic services while continuing to collect full rent, dismissing Plaintiff's legally protected Fair Housing Act accommodation request with false legal justifications, and retaliating against Plaintiff for asserting civil rights — was extreme, outrageous, and beyond all bounds of decency in a civilized society.

41. Defendant acted with intent to cause Plaintiff emotional distress, or with reckless disregard for the near certainty that its actions would cause such distress, particularly given Plaintiff's known financial hardship and racial isolation in the tenant community.

42. As a result of Defendant's conduct, Plaintiff suffered humiliation, anxiety, fear of eviction, sleep disruption, financial desperation, and lasting emotional trauma.

43. Defendant is therefore liable for intentional infliction of emotional distress, and Plaintiff seeks general and special damages under Nevada law.

# 5. DAMAGES

- Out-of-pocket internet expenses: $2,594.42 (still accruing)

- Restitution for nonfunctional internet: $992.35 (still accruing)

- Rent abatement (Jan. 2024–Sep. 2024 & June 2025–present): $7,611.00 (still accruing)

- Rent abatement (habitability 10% Oct. 2023–July 14, 2025): $3,150.60 (still accruing)

- Emotional distress: $80,000 (including $15,000 for IIED and $25,000 for FHA retaliation)

- Punitive damages under federal law: $150,000

# 6. PRAYER FOR RELIEF

Plaintiff respectfully requests:

A. Compensatory damages totaling at least $94,348.37 or as proven at trial;

B. Punitive damages in the amount of $150,000 under federal law;

C. Costs of suit and attorney's fees (if applicable);

D. Injunctive relief prohibiting further discrimination and retaliation;

E. Trial by jury on all triable issues;

F. Any further relief deemed just and proper.

# 7. JURY DEMAND

Plaintiff demands a jury trial on all issues so triable.

7

## 8. VERIFICATION

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed on July 22, 2025.



/s/ Yi Li

Yi Li, Plaintiff (Pro Se)

5230 E. Craig Rd. #420

Sunrise Manor, NV 89115

(725) 404-4279

yl.legal1000@gmail.com

8