UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

Yi Li,

                Plaintiff

v.

The Siegel Group, Inc.,

                Defendant

Case No. 2:25-cv-01342-CDS-BNW

**Order Accepting Magistrate Judge's Report and Recommendation**

[ECF No. 10]

Pro se plaintiff Yi Li commenced this action by filing a complaint along with an application to proceed *in forma pauperis.* ECF Nos. 1, 1-1. Because Li sought to proceed *in forma pauperis*, U.S. Magistrate Judge Brenda Weksler screened the complaint. Upon screening, Judge Weksler dismissed the complaint, giving Li leave to amend by March 10, 2026. ECF No. 3. The deadline passed without Li filing an amended complaint. Judge Weksler then issued a report and recommendation (R&R) that I dismiss this action because plaintiff failed to comply with the court-ordered deadlines to amend and failed to update their address. R&R, ECF No. 10.

Li had until April 27, 2026, to file any objections to the R&R. *Id.* at 3 (citing Local Rule IB 3-2(a) (stating that parties wishing to object to an R&R must file specific written objections with supporting points and authorities within fourteen days)); *see also* 28 U.S.C. § 636(b)(1)(C) (same). Li has neither objected to the R&R nor requested more time to do so. And "[n]o review is required of a magistrate judge's report and recommendation unless objections are filed." *Schmidt v. Johnstone*, 263 F. Supp. 2d 1219, 1226 (D. Ariz. 2003); *see Thomas v. Arn*, 474 U.S. 140, 150 (1985); *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003).

Although de novo review is not required, I nonetheless made an independent review of the record to determine whether to adopt the R&R. The record demonstrates that Li failed to amend by the court-ordered deadline. Moreover, Li's mail was returned as undeliverable on

three occasions (ECF Nos. 6, 8, 9), and Li still has not updated their address as ordered or as required by the local rules. *See* ECF No. 7. Given Li's failure to comply with the court's orders, Judge Weksler considered the dismissal factors discussed *In re Phenylpropanolamine Product Liability* and found they weighed in favor of dismissal. ECF No. 10 at 2 (citing 460 F.3d 1217, 1226 (9th Cir. 2006)). I agree. This action cannot proceed without an operative complaint and a party's failure to comply with a court order constitutes grounds for dismissal under Federal Rule of Civil Procedure 41(b); *see also Ferdik v. Bonzelet*, 963 F.2d 1258, 1260 (9th Cir. 1992) ("the district court may dismiss an action for failure to comply with any order of the court.").

Furthermore, this litigation cannot proceed without the plaintiff's participation. Because Li has failed to update their address, issuing another order is not a meaningful alternative. *Carey v. King*, 856 F.2d 1439, 1441 (9th Cir. 1988) ("An order to show cause why dismissal was not warranted or an order imposing sanctions would only find itself taking a round trip tour through the United States mail."). So I agree that no lesser sanctions are available because the court cannot contact Li to communicate or implement any alternative measures. I therefore accept the R&R in its entirety and dismiss this matter.

## Conclusion

IT IS HEREBY ORDERED that the magistrate judge's report and recommendation **[ECF No. 10] is accepted and adopted in its entirety**. This case is dismissed.

The Clerk of Court is kindly directed to enter judgment accordingly and close this case.

Dated: May 4, 2026

_____
Cristina D. Silva
United States District Judge

2